UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NAVARRO JOHNSON,

        Plaintiff,

  v.

JEROME CLAY,

        Defendant.

No. 2:13-cv-1244 MCE CKD PS

FINDINGS AND RECOMMENDATIONS

      This action was removed from state court, small claims division. Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)). Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

      In conclusory fashion, the removal petition alleges the action is subject to federal question jurisdiction because defendant's counterclaims are based on federal law. Removal based on federal question jurisdiction is proper only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

However, the exhibits attached to the removal petition establish the state court action is nothing more than a simple breach of contract action. Defendant also asserts that diversity jurisdiction is proper because of the diversity of citizenship of the parties. However, the claim is only for $10,000 and the action was filed in the small claims division, which limits claims by business plaintiffs to $10,000. Defendant has failed to meet his burden of establishing federal jurisdiction and the matter should therefore be remanded. See generally Singer v. State Farm Mutual Automobile Insurance Co., 116 F.3d 373, 375-376 (9th Cir. 1997).

Accordingly, IT IS HEREBY RECOMMENDED that the above-entitled action be summarily remanded to the Superior Court of California, County of Sacramento, Small Claims Division.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 26, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 johnson1244.rem